Good morning, Your Honor. Sandra Lopez on behalf of Mr. Salazar-Mojica. The two prior convictions used to enhance Mr. Salazar's offense level by 16 levels did not qualify as predicate offenses under 2L1.2b. First, as to the 1152A conviction, although the conviction documents do establish that Mr. Salazar pled no contest to a charge of 11352A, the documents fail to establish that he necessarily assented to the generic elements of a drug trafficking offense, or that the offense involves a substance controlled under the Federal Controlled Substances Act. And second, as to 245A, because the state court's subsequent treatment of a wobbler is controlling, and at the time of sentencing, the state court did find Mr. Salazar's prior conviction to be a misdemeanor offense. Except that he had already been sent to jail for three years for it. That's correct, Your Honor. Which has to be a felony. That's correct, but at that time, it was a felony. At the time of sentencing, however, it was a misdemeanor offense. At the time of the offense, it was a... At the time of the re-entry... When he committed the offense, what was it? It was a felony offense. Well, and when he was deported, it was still a felony offense. That's correct, Your Honor. Our position is, however, that at the time of sentencing, there was a controlling finding by the state court that it was a misdemeanor offense. What do you mean, controlling finding? Controlling on whom? Is there anything in our case law that suggests that an after-the-fact adjustment by a state court like that has any effect on our sentencing? Well, the court has indicated in Bridgeforth, which cites numerous cases that indicate that when determining whether a Wildflower offense is a misdemeanor or a felony offense, we look to see what the state court held. And in this case, the state court did find that it was a misdemeanor offense. And... Well, before you go on, did the state court receive any opposition to that, or didn't it just float through the system where somebody signed off on it because it was unopposed? Your Honor, the only evidence that we have is that one document of a granting by the state court. There's no evidence of an opposition, objection, or even of an appeal. So at this moment, the final judgment in California is that it was a misdemeanor offense. And moreover, in the government's brief, the government indicates that it asked the court to look at 2L1.2B1 to determine that it's in the past tense. But if we look at A, which determines whether it is a prior conviction, and we're not disputing that it was a prior conviction prior to deportation, but when the court, the sentencing court, next needs to determine whether it is, in fact, a qualifying offense, 2L1.2B1A looks at it as in the present tense. It determines whether it is a crime of violence. And under all of those circumstances, at the time of sentencing, Mr. Salazar-Mujica only had a misdemeanor offense. Well, if you want to go literal, then you've really got to read the introduction, don't you? If the defendant previously was deported or unlawfully remained in the United States after, and why is that not literally true, that he was deported or unlawfully remained in the United States after a conviction for a felony? The way it appears, that issue is determined whether he did have a prior conviction before the deportation, and that's looked at in the past tense. But when one has to determine whether it's a qualifying offense, it's in the present tense. And if Your Honors don't have any further questions as to 245A, I'd just like to briefly address the 11352A conviction is also not a qualifying offense for the PLIS 16 enhancement. The government failed to establish under the modified approach that Mr. Salazar clearly and unequivocally pled to a drug trafficking offense. The district court found that the statute 11352A and the charging document were overbroad. So the next step that the district court took was to look at the plea colloquy on the abstract of judgment. Looking at the plea colloquy, it was in a mass setting. There was about 10 defendants in 12 minutes, and the district attorney basically set forth what section each person was going to plead to. And in Mr. Salazar's case, he did plead no contest to 11352A. There was no factual basis. There was no recitation as to what facts or what elements he actually agreed to, whether it was a narrowing offense or whether it was an offense for a controlled substance, controlled under the Federal Substances Act. And looking at both the plea colloquy and the abstract of judgment, there was no conscious judicial narrowing of the charge. They seem merely to state an abbreviation of 11352A by stating sale of a controlled substance. And it appeared that he... What's the formal title of that section? The formal title is transportation. It starts off with transportation. It doesn't start off with the word sale, does it? In Los Angeles, as seen in the excerpt of Record 783, the charging document titled 11352A as sale-transportation-offer-to-sell-controlled-substance. So under that same theory, it would make perfect sense and common sense for the district attorney and the clerk filing the abstract of judgment to state the first word that is commonly used in Los Angeles, which was sale, to abbreviate the section for which the person is pleading guilty to. And I'd like to reserve the remainder of my time for rebuttal. Good morning. Tara McGrath with the United States. It's our position that the appellant in this case appropriately received a 16-level enhancement on his sentence under both his 245A conviction and his 11352 conviction. First, addressing the points about his conviction for violation of Penal Code 245A, which was assault with a deadly weapon. The conviction he sustained in 1980 was a felony conviction at the time he sustained it. It was a felony conviction when his probation was revoked in 1981 and he received an additional 90 days. It then solidly became a felony conviction in 1982 when he received a three-year prison sentence for that conviction. At the time of his deportation from the United States in 2008, it was a felony conviction, and at the time he committed the instant offense of reentering the United States illegally, it was still a felony conviction. So under Grajeda, it's a crime of violence, and the fact that he was deported afterward after a felony conviction and the fact that he reentered after sustaining a felony conviction, it's our position that that is in fact a felony conviction that gives rise appropriately to a 16-level enhancement. This court has not apparently made any findings as to whether or not a wobbler offense at the time of sentencing is in fact dispositive of whether or not it's a plus-16, an aggravated felony, excuse me, a crime of violence. But other circuits have made that determination, that when looking at a conviction that in this case appears to have been reduced to a misdemeanor after the deportation and after the offense, you look to the plain language of the statute. And it's clear from the plain language of the statute that the felony conviction must have taken place at the time of deportation. And in this case, that is correct. So unless the court has any questions on the 245 point, I will move on and address the appellant's issues regarding the 16-level enhancement pertaining to his 11-352 conviction. The district court in that case appropriately considered several mutually reinforcing documents that, again, gave rise to an independent enhancement of 16 levels. In that regard, the district court looked at the complaint, which did state sale or transportation, as the appellant correctly points out. But the district court didn't look only at the complaint. The district court looked at the plea colloquy. And during that plea colloquy, the appellant is specifically asked if he is pleading to the offense of sale of a controlled substance, and he indicates that he is. And although he does say he's pleading no contest, he then says he's told by the prosecutor, you know that a no contest plea is the same essentially as a guilty plea, and he says yes. And the language that the prosecutor uses is sale of a controlled substance in the plea colloquy. That is before the court in the excerpt of record at page 796. And finally, the district court considered the abstract of judgment, which says on its face, sale of a controlled substance, and that's at page 804 in the record. The appellant's assertion that that was an abbreviation is simply doing exactly what the district court was not willing to do. It's attempting to guess at what was in those documents. And the district court said at the appellant's sentencing hearing, we are not supposed to guess. We are supposed to look at the plain language of these documents. That's exactly what the district court did, and in looking at the plain language on each of these documents, the running theme through all of them is sale of a controlled substance. The only piece left is a federal controlled substance. And thank you. That's exactly where I was going, Your Honor. The question about the sale of a controlled substance, the district court specifically found that it was a sale of a controlled substance. And page 817 of the record, he made a careful analysis of that question and looked at the complaint which alleges cocaine base. And he made a finding that the cocaine base does fall under the Controlled Substances Act and would give rise to a controlled substance that was controlled as a drug trafficking offense. And the appellant argues that Ruiz Vidal is controlling and that the United States didn't meet our burden by proving the controlled substance. And it's our position that Ruiz Vidal doesn't apply under this type of, under 2L1.2, that he doesn't, that we don't have the obligation to prove the Controlled Substances Act the same way that the United States may have had in Ruiz Vidal because the sentencing guidelines don't require that. But even if the guidelines, even if the court makes the finding that the guidelines do require the United States to do so, in this case the only substance in the record and the substance that the district court was looking at is cocaine base, and certainly that would fall underneath the Controlled Substances Act. So unless the court has any questions about the third point that the appellant raised regarding the reasonableness of his sentence, which was 18 months below guidelines in this case, the United States will submit. Thank you very much. Your Honor, I'd like to just briefly address a couple of things. In regards to the controlled substance issue, neither the plea colloquy nor the abstract of judgment indicated what controlled substance Mr. Salazar assented to. And he did plead no contest. He didn't agree to any factual basis. Even if the court were to find that he did agree to a sale, based on the phrase used by the prosecutor, there's no indication that he agreed to a specific controlled substance. And then finally, as to the fact that Reese Vidal is somehow distinguished, controlled substance needs a definition. And I believe just with the last argument, it's an issue. We need to know what controlled substance the guidelines are talking about. And it makes perfect sense that it's the Federal Controlled Substance Act that we need to look at in determining whether it is a generic offense. Otherwise, that would eliminate Taylor and the issue of the necessity for some kind of uniformity in the federal system as to what types of acts we are controlling. And then as to the issue of out-of-court circuit cases addressed by the AUSA, none of those except for one, which is an unpublished opinion, addressed 17B. All of those had to do with issues that were set aside. So part of the argument was that there was no prior conviction to enhance under plus 16. And the one unpublished case, LaChuga, which addressed the 17B issue, in that case it was opposite to what this court's precedent is in Bridgeforth and other cases that that court held, regardless of what sentence was received, it's the possible sentence that he could have received. And because he could have received more than one year, it's a felony, regardless if the state court later found it to be a misdemeanor offense. And that's not the state of law in this circuit, and so that's not a persuasive authority. In this case, it wasn't merely theoretical that your client received more than one year for a state conviction, was it? No, Your Honor. Thank you. Thank you.
judges: Holland, Pregerson, Clifton